### STEINBERGER'S TRUSTEES *vs.* POTTER.

1. A marriage settlement, by which an intended wife conveyed to trustees, all property which she then had, and *to which she might thereafter become entitled, &c.*, does not, at law, convey the after acquired property. Equity will construe such instrument as a contract to convey, and enforce its performance, only when necessary to effect the plain intent of the parties.

2. Such settlement construed as an agreement to convey only such property as the wife might acquire *during marriage*.

---

*Mr. Parker* and *Mr. Keasbey,* for complainants.

*Mr. Williamson,* for defendants.

THE CHANCELLOR.

The suit is by Gordon and Potter, trustees under a marriage settlement, against Alice B. Potter, and her infant son, James Potter. The defendant, Alice B. Potter, then Alice B. Steinberger, on the twenty-second of July, 1863, being about to contract a marriage with John Hamilton Potter,

entered into a marriage contract between herself, of the first part; her intended husband, of the second part; and the complainants, as trustees, of the third part. By it, she conveyed to the trustees all the property she might then be entitled to, under the will of her grandfather, or otherwise, and all property *to which she might thereafter become entitled,* in trust for her use during her natural life, and after her decease to the use of her husband during his life, and after the death of the survivor, to the use of her children, in fee; and if she died without issue, to such persons as she might, by will, appoint; and in default of both appointment and issue, to her next of kin, in fee; with a covenant by her husband, to join in any conveyance necessary to assure such property to the trustees.

After the marriage and the birth of one child, the defendant James Potter, the husband died intestate, leaving large real and personal estates.

The object of the suit is to have the share of Alice Potter in her deceased husband's estate, conveyed to the complainants as trustees under the marriage settlement, for the purposes of the settlement.

The articles of settlement do not, at law, convey to the trustees the after acquired property; and if they are entitled to have it conveyed, this court should give the relief prayed for.

I think the only intention and object of this contract was to secure to the defendant, Alice, during coverture, and to her husband for life, if he survived her, and to her children after her death, such property as she then had, and might acquire *during marriage.* It is true that, by the words of the instrument, all property she might at any time after its date become entitled to, is conveyed. But this instrument is not an agreement by her, to convey; and the only manner in which a court of equity will give effect to such instrument, which, at law, does not convey after acquired property, is by considering it as a contract to convey, and enforcing the performance of that contract. Marriage is a valuable considera-

tion, and the issue, represented here by the complainants, are within that consideration, and if necessary to effect the plain intent of the parties declared by the instrument, this court will consider it a contract.

But as the instrument contains no agreement to convey, the court will not construe it into such an agreement, for the conveyance of property that may devolve upon the defendant at or after the termination of the marriage. Such was not the express, or the presumed object of such a contract. If such construction were given to it, any and all property to which she might become entitled for her whole life, if it extended to seventy years, and the estates amounted to millions of money, must be conveyed to these trustees, and be held in trust for her life, with no possibility of her enjoying the principal; it would include property acquired by any future marriage. For such purpose, a court of equity will not convert an inoperative conveyance into a contract to convey, and defeat, instead of carrying into effect, the object of the parties.

The relief prayed for must be denied.